**Lewis L. LLOYD, Plaintiff–Appellant,**

v.

**BRUNSWICK CORPORATION, Mercury Marine Division, Defendant–Appellee.**

**Lewis L. Lloyd, Plaintiff–Appellant,**

v.

**James Hubbard and Joseph Pomeroy, Defendants–Appellees.**

Nos. 01–2368, 01–2373.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 26, 2001.[1]

Decided Nov. 30, 2001.

Rehearing and Rehearing En Banc Denied Jan. 22, 2002.

Before CUDAHY, DIANE P. WOOD and EVANS, Circuit Judges.

**ORDER**

We consolidate these two appeals, prosecuted *pro se* by Lewis Lloyd, and summarily affirm in both as they are frivolous. Lloyd, a long-time patent attorney in the Mercury Marine Division of Brunswick, sued his former employer for age discrimination, and 2 years ago we affirmed a

---

1. After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a); Cir. R. 34(f).

grant of summary judgment against him. *See Lloyd v. Brunswick,* 180 F.3d 893 (7th Cir.1999). The reader may consult our 1999 opinion for the background facts regarding Lloyd's dispute with Brunswick.

In the first of today's two appeals, Judge Thomas Curran in the district court granted summary judgment to Brunswick, concluding that Lloyd's new claims (actually, they really were old claims dressed up as new) were barred by *res judicata* and the doctrine of claim preclusion. That conclusion, we find, was absolutely correct, and we summarily affirm the judgment along with the award to Brunswick of a modest amount of attorneys fees.

In the second appeal we conclude that Lloyd has not identified any properly preserved issues for appellate review. Lloyd's opening brief on appeal does not identify any error by the district court relating to its order directing Lloyd to provide his address to the court and opposing counsel or relating to the district court's dismissal of his claim based on his failure to comply with that order. Lloyd, it appears beyond question, was playing games with the court and opposing counsel, and his deliberate ignoring of the judge's reasonable order puts him out in the cold.

The judgments of the district court are AFFIRMED. Costs to the defendant-appellee in each case.